IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRANT J. FISCUS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:18-cv-01119 |
| GREYCLOUD RECOVERY, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES, BRANT J. FISCUS, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, GREYCLOUD RECOVERY, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a); under 15 U.S.C. § 1692k(d) with respect to FDCPA claims.

3. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. BRANT J. FISCUS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 521 Clearfield Drive, New Braunfels, Texas 78130.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. GREYCLOUD RECOVERY ("GC Recovery") is a foreign limited liability company, who at all times relevant, maintained a principal place of business located at 146 Virginia Street, Buffalo, New York 14201.

7. GC Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. GC Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9. GC Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of GC Recovery's business is the collection of debt.

10. GC Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. In 2014, Plaintiff obtained a payday loan (the "Loan").

12. The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Plaintiff experienced financial hardship.

14. Plaintiff defaulted on the Loan.

15. In or before September 2018, GC Recovery initiated collection on the Loan.

16. Before long, GC Recovery contacted Plaintiff's girlfriend in an attempt to collect on the Loan

17. GC Recovery's representative identified them self as "an investigator" looking for Plaintiff before leaving call back information with Plaintiff's girlfriend.

18. Plaintiff's girlfriend provided Plaintiff with this information.

19. Plaintiff called GC Recovery.

20. GC Recovery identified them self as a debt collector attempting to collect on the Loan.

21. Plaintiff informed GC Recovery of his inability to make payment.

22. GC Recovery threatened Plaintiff with a lawsuit.

23. To date, no lawsuit has been initiated by GC Recovery.

24. Plaintiff expected to receive from GC Recovery some sort of written communication.

25. To date, no written communication has been received from GC Recovery.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. §1692b

27. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(2) not state that such consumer owed any debt;

15 U.S.C. § 1692b(2).

28. GC Recovery violated 15 U.S.C. § 1692b(2) by revealing to Plaintiff's girlfriend that Plaintiff owed on the Loan.

### Violation(s) of 15 U.S.C. § 1692e

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*\*\*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(5) and e(10).

30. GC Recovery violated 15 U.S.C. §§ 1692e and e(4) by representing to Plaintiff's girlfriend that they were an investigator looking to talk with Plaintiff; leading Plaintiff's girlfriend to believe that nonpayment of the Loan will result in the arrest or imprisonment of Plaintiff.

31. GC Recovery violated 15 U.S.C. §§ 1692e and e(10) by representing to Plaintiff's girlfriend that they were an investigator looking to talk with Plaintiff when in fact they were debt collectors attempting to collect on the Loan.

32. GC Recovery's threat of lawsuit violated 15 U.S.C. § 1692e(5) as GC Recovery had no intention to pursue legal action against Plaintiff.

33. As GC Recovery's message alleges action that was not intended, GC Recovery's message was also deceptive, thus violating 15 U.S.C. §§ 1692e and e(10).

**Violation(s) of 15 U.S.C. § 1692g(a)**

34. Section 1692g(a) provides:

> [w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

35. GC Recovery violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written "validation notice" within five days of GC Recovery's initial communication with Plaintiff.

36. Plaintiff may enforce the provisions of 15 U.S.C. §§1692e, e(5), e(10), and g(a) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that GC Recovery violated 15 U.S.C. §§1692b(2), e, e(4), e(5), e(10), and g(a);

B. an order enjoining GC Recovery from further violation(s) of 15 U.S.C. §§1692b(2), e, e(4), e(5), e(10), and g(a);

C. an award of any actual damages sustained by Plaintiff as a result of GC Recovery's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**Plaintiff demands trial by jury.**

October 24, 2018                                    Respectfully submitted,

*/s/ Nathan C. Volheim*

Nathan C. Volheim
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
nvolheim@sulaimanlaw.com

*Counsel for Brant J. Fiscus*