UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRANT J. FISCUS, | § § § | |
| *Plaintiff*, | § § | |
| *v.* | § § | Civil Action No. SA-18-CV-1119-XR |
| GREYCLOUD RECOVERY, | § § § | |
| *Defendant*. | § § | |

**SHOW CAUSE ORDER**

On this date, the Court considered the status of the above-styled and numbered cause. The Court finds that this cause of action was commenced by the filing of the plaintiff's complaint on October 24, 2018. Docket no. 1. Even though over 90 days have passed since that filing, the Court has no record that the defendant named by the plaintiff in this case has been served or has agreed to waive service. Rule 4(c) of the Federal Rules of Civil Procedure provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Proof of service must be made to the court by filing the server's affidavit. FED. R. CIV. P. 4(l)(1). Rule 4 further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The 90-day time period for service has expired in this case and there is no indication that defendant has been properly served or has agreed to waive service. Plaintiff is therefore

ORDERED to show cause in writing on or before **February 20, 2019**, why this case should not be dismissed under Rule 4(m). Failure to respond by that date will result in this case being dismissed.

It is so ORDERED.

SIGNED this 6th day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE